**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRIGHT LIGHTS USA, INC.,     : | |
|     : | Civil Action No. |
|     Plaintiff,     : | 10-cv-449 (NLH)(AMD) |
|     : | |
|     v.     : | **OPINION** |
|     : | |
| ELECSYS INCORPORATED, d/b/a  : | |
| DELAWARE ELECSYS INCORPORATED, : | |
| DIVISION OF DCX-CHOL     : | |
| ENTERPRISES, INC., a/k/a     : | |
| ELECSYS, DIVISION OF DCX-CHOL  : | |
| ENTERPRISES, INC.,     : | |
|     : | |
|     Defendant.     : | |
|     : | |

**APPEARANCES**:

Joshua B. Ladov, Esquire
Lipsky & Brandt
1200 Laurel Oak Road
Suite 104
Voorhees, N.J. 08043
*Attorney for Plaintiff Bright Lights USA, Inc.*

Philip L. Guarino, Esquire
14 Forest Avenue
Caldwell, N.J. 07007
*Attorney for Defendant Elecsys Incorporated*

**HILLMAN, District Judge**

    Plaintiff, Bright Lights USA, Incorporated ("Bright Lights")

moves for summary judgment against Defendant, Elecsys

Incorporated ("Elecsys"), claiming that Elecsys has admitted to

the material facts in this case, including its breach of a

contract between the parties.

    For the reasons expressed below, Bright Lights's Motion for

Summary Judgment is denied.

## I.    JURISDICTION

The Court exercises subject matter jurisdiction over the underlying claims pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties in the underlying action. Plaintiff, Bright Lights, is incorporated in the State of New Jersey with its principal place of business in Barrington, New Jersey.  Defendant, Elecsys, represents itself as being a Colorado corporation with its principal place of business in Pekin, Illinois.[1]  The amount in controversy exceeds $75,000.

## II.   BACKGROUND

In or around July 2007, Elecsys submitted a purchase order to Bright Lights for specially manufactured goods.  Elecsys agreed to pay $93,060 in exchange for the delivery of goods any time after November 1, 2007.  According to Bright Lights, the parties agreed that Elecsys would pay cash in advance of delivery.  Elecsys denies that it ever agreed to pay in advance of delivery.

Bright Lights manufactured the goods and issued invoices to

---

[1] Bright Lights avers that Elecsys Incorporated is incorporated in the State of Delaware with its principal place of business in the State of California.  With respect to the Elecsys Division, Bright Lights states that it has its principal place of business in Pekin, Illinois.  As stated above, Elecsys avers in its answer that it is a Colorado corporation.  Notwithstanding the confusion surrounding Defendant's proper name and citizenship, diversity of jurisdiction exists between the parties.

Elecsys.   However, on or around October 30, 2007, Elecsys attempted to cancel the purchase order.  Despite Bright Lights's insistence to execute the contract, Elecsys refused to accept delivery of the goods or to pay for them.  For its part, Elecsys argues that Bright Lights breached the contract, enabling Elecsys to terminate the agreement altogether.

On or around January 26, 2010, Bright Lights instituted this action against Elecsys.  Since that time, Bright Lights has twice amended its complaint, and now alleges that Elecsys breached the parties' contract.  Bright Lights avers that it is entitled to remedies pursuant to New Jersey statutory law, as well as the doctrines of promissory estoppel and equitable estoppel.

Particularly relevant to the present motion is that, on or around May 25, 2010, Bright Lights served Elecsys with discovery requests, including a written request for admissions pursuant to Federal Rule of Civil Procedure 36.  Elecsys failed to respond to Bright Lights's request in a timely manner.  As a result, Elecsys, relying on Rule 36, moved for summary judgment against Elecsys, asserting that by its failure to respond to the request for admissions, Elecsys admitted to, and thus conclusively established, all material facts in favor of Bright Lights.

On or around August 20, 2010, Elecsys moved for an extension of time to respond to Bright Lights's request for admissions. The Magistrate Judge, in an order dated September 20, 2010,

granted Elecsys an extension of time to respond and withdrew

Elecsys's deemed admissions.

Presently before the Court is Bright Lights's pending Motion

for Summary Judgment.

## III.  DISCUSSION

### A.    Standard for Summary Judgment

Summary judgment is appropriate where the Court is satisfied

that "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law."

Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ.

P. 56(c).

An issue is "genuine" if it is supported by evidence such

that a reasonable jury could return a verdict in the nonmoving

party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A fact is "material" if, under the governing

substantive law, a dispute about the fact might affect the

outcome of the suit.  Id.  In considering a motion for summary

judgment, a district court may not make credibility

determinations or engage in any weighing of the evidence;

instead, the nonmoving party's evidence "is to be believed and

all justifiable inferences are to be drawn in his favor."  Marino

v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting

Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**B.  Elecsys's Admissions**

Bright Lights's Motion for Summary Judgment relies upon the deemed admissions of Elecsys. By Bright Lights's estimation, Elecsys admits the existence of the parties' contract, the agreement that Elecsys would pay cash in advance of Bright Lights's delivery of goods, Elecsys's breach of the contract, and the lack of any evidence to enable Elecsys to defend itself in this matter.

Among other things, Elecsys contests Bright Lights's assertions that certain facts are admitted. In particular, Elecsys denies that it agreed to make payments in advance of

delivery.  Further, Elecsys challenges the purported admission
that it will not present any evidence or call any witnesses in
its defense against Bright Lights's action.  Thus, because
genuine issues of material fact persist, Elecsys concludes,
Bright Lights's motion must be denied.

Federal Rule of Civil Procedure 36 empowers a party to serve
on another party "a written request to admit" any facts or
application of law to facts that may pertain to the pending
action.  Fed. R. Civ. P. 36(a)(1).  In the event that a party
does not timely answer or object to the written request, the
matter for which an admission is sought is deemed as admitted.
Fed. R. Civ. P. 36(a)(3).  "A matter admitted under this rule is
conclusively established unless the court, on motion, permits the
admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).

In its Motion for Summary Judgment, Bright Lights relies
almost entirely on Elecsys's admissions.  However, the Magistrate
Judge, per Elecsys's request, has withdrawn those admissions
pursuant to Rule 36(b).  In turn, Elecsys denies Bright Lights's
assertions that Elecsys agreed to pay for the goods in advance of
delivery, a viable contract remained between the parties, and no
evidence may assist Elecsys in defending against Bright Lights's
action.  By virtue of Elecsys's denials, a genuine issue of
material fact still exists in this case.  Therefore, the Court
cannot grant summary judgment against Elecsys at this time.  More

to the point, the Magistrate Judge entered an amended scheduling order on November 30, 2010, extending the times for pretrial factual discovery until February 28, 2011 and for dispositive motions until May 13, 2011.  Thus, to decide this matter now would be premature and unwarranted.

Accordingly, Bright Lights's Motion for Summary Judgment is denied.

## IV.   CONCLUSION

For the foregoing reasons, Bright Lights's Motion for Summary Judgment is denied, without prejudice.  An Order consistent with this Opinion will be entered.


Dated: February 10, 2011              /s/ NOEL L. HILLMAN
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.